FILED

08/10/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0374

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0374

STATE OF MONTANA,

Plaintiff and Appellee,

v.

CHARLES ALLEN ARMSTRONG,

Defendant and Appellant.

ORDER

AUG 10 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Charles Allen Armstrong petitions this Court for an out-of-time appeal of a November 2018 sentence from the First Judicial District Court, Lewis and Clark County. As grounds, Armstrong states that he did not receive copies of his two sentencing judgments until July 2020, when he was at the Martz Diagnostic Intake Unit (MDIU) of the Montana State Prison (MSP). He further states that he filed pleadings for resentencing in the District Court on October 5, 2020, and that he "received a response, dated July 17, 2021, denying [his] motions." Armstrong contends that his "stacked" sentences should include some suspended time to be served on probation and "not 15 years at MSP."

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]"

As a threshold matter, Armstrong's Petition, while signed and verified, has not been served upon opposing counsel—the County Attorney and the Attorney General—in compliance with pleadings for a criminal case filed with this Court. M. R. App. P. 10(2).

Available electronic records indicate that on November 7, 2018, Armstrong received a five-year sentence to the Department of Corrections (DOC) for felony forgery (common scheme) and a concurrent, three-year DOC sentence for felony deceptive practices (Cause No. BDC 2018-320). The Lewis and Clark County District Court also

sentenced Armstrong to a five-year term with the DOC for felony forgery to run consecutively (Cause No. BDC 2018-321). Lastly, Armstrong has a five-year, consecutive sentence for possession of cocaine from the Butte-Silver Bow County District Court.

This Court is familiar with Armstrong's argument about a "box-car" sentence because we have denied Armstrong habeas corpus relief twice in the last year. On July 7, 2020, we concluded that:

> Armstrong's sentences are not illegal. Even though Armstrong does not provide any authority for his conclusion, he may be referring to a Montana statute where the first five years must be suspended. Pursuant to § 46-18-201(3)(a)(iv)(A), MCA (2017), [w]henever a person has been found guilty of an offense upon . . . a plea of guilty . . . , a sentencing judge may impose a sentence that may include[,]" a commitment "to the department of corrections with a recommendation for placement in an appropriate correctional facility or program; however, all but the first 5 years of the commitment to the department of corrections must be suspended[.]" This statutory scheme provides other options for sentencing, too. A sentence may include "any combination of subsections (2) and (3)(a)(i) through (3)(a)(vii)." Section 46-18-201(3)(a)(vii), MCA (2017).
>
> Consequently, Armstrong's sentences are valid because a district court may impose "a term of incarceration, as provided in Title 45 for the offense, at a county detention center or at a state prison to be designated by the department of corrections[.]" Section 46-18-201(3)(a)(iii), MCA (2017). The Lewis and Clark County District Court as well as the Butte-Silver Bow County District Court sentenced Armstrong to the DOC under the existing statutory authority for the offense. For forgery, a term in the state prison may be five years for a second, or third or subsequent offense, pursuant to § 45-6-325(4)(b), MCA (2017). For criminal possession of dangerous drugs, such as cocaine, a person "shall be imprisoned in a state prison for a term not to exceed 5 years . . . ." Section 45-9-102(3), MCA (2017). "Separate sentences for two or more offenses must run consecutively unless the court otherwise orders." Section 46-18-401(4), MCA (2017).

*Armstrong v. Kowalski*, No. OP 20-0337, 2020 Mont. LEXIS 1993, Order at *4-*5 (Jul. 7, 2020) (*Armstrong I*).

Earlier this year, Armstrong argued "that his three, five-year sentences are illegal because they all run consecutively to each other." *Armstrong v. Bludworth*, No. OP 21-0031, Order, at 1 (Mont. Jan. 26, 2021) (*Armstrong II*). He challenged his

"15 year MSP sentence" in his second petition for habeas corpus relief. In a January 26, 2021 Order, we added the same language as quoted above, explaining that his two sentences from the Lewis and Clark County District Court as well as the consecutive sentence from the Butte-Silver Bow County District Court were legal because the courts ordered them to run consecutively. "As explained previously, he has a valid sentence under Montana law." *Armstrong II*, at 2.

Armstrong has not demonstrated extraordinary circumstances for an out-of-time appeal. Armstrong previously sought relief with this Court for his sentences while he was incarcerated over the last year. This Court has twice reviewed his claim about an illegal fifteen-year sentence and offered him valid explanations under the law. Armstrong cannot show how his sentences are invalid because "all but the first five years" are not suspended. Section 46-18-201(3)(a)(vii), MCA (2017) (emphasis added). Denial of his Petition will not result in a gross miscarriage of justice. Accordingly,

IT IS ORDERED that Armstrong's Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record along with a copy of his Petition and to Charles Allen Armstrong personally.

DATED this 10 day of August, 2021.

_____

_____

_____

_____

_____
Justices

3